DORA POWELL, as Administratrix of the Estate of HOWARD T. POWELL, Deceased, Respondent, v. OSWEGO STEVEDORING & TRUCKING CO., INC. et al., Appellants.—Appeal from a judgment in favor of the plaintiff upon the verdict of a jury after a trial in the Supreme Court, Schoharie County, and from the order of the Trial Justice denying the defendants' motion to set aside the verdict. According to the version of the accident given by the plaintiff's witnesses, the plaintiff's intestate had parked his Ford automobile in a parking space just east of the easterly line of the highway, Route No. 30 which runs approximately north and south, for the purpose of negotiating a purchase from the owner of a vegetable and fruit stand. The automobile was headed in a southerly direction, although it stood in a space adjacent to the lane for north-bound traffic. After completing his business, the plaintiff's intestate proceeded across the highway onto the westerly side of the road and had substantially completed this maneuver and was headed due south, when his car was struck by a tractor-trailer owned by the defendant Oswego Stevedoring and Trucking Co., Inc., and operated by the defendant Cranston. The tractor-trailer had been proceeding in a northerly direction at a speed of about sixty miles per hour. The driver apparently saw the plaintiff's intestate and applied his brakes and turned sharply to his left. The marks upon the pavement indicated that the tractor-trailer skidded eighty-three feet to the point of collision. According to the plaintiff's witnesses, the collision occurred at the extreme westerly side of the road. The left front part of the tractor-trailer hit the front of the Ford car and then continued, pushing the Ford car ahead of it, for about eighty feet into a field to the west of the highway. The plaintiff's intestate was instantaneously killed in the collision. The defendant's version of the accident was in sharp conflict with that of the plaintiff. The defendant

claimed that the accident took place in the center of the highway, immediately after the plaintiff's intestate had pulled out onto the road from a space in front of the vegetable and fruit stand. It is difficult to reconcile this version of the accident with the physical facts. The truck was damaged only at the left front corner and left side, showing that that was the point at which the impact occurred. The plaintiff's version is consistent with these physical facts. The jury had the right to reject the defendant's version and to accept that of the plaintiff. The jury had the right to find that the defendant driver was guilty of negligence which caused the accident. The driver apparently became panicky and pulled to the left, whereas if he had continued in his course, he could have passed the plaintiff's intestate in safety, or else the driver lost control of the truck in his attempt to stop suddenly while proceeding at a high rate of speed and thus caused the collision. The jury, under the circumstances, also had the right to find that the plaintiff's intestate was free from contributory negligence. He apparently believed at the time he started across the highway that he had sufficient time to cross in safety and, in fact, he did negotiate the crossing in safety and was headed south on his own side of the road when he was struck by the defendant's truck. The jury's verdict was in accordance with the weight of the evidence. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.